**FILED**
**DECEMBER 14, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Gomez, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Retrieval-Masters Creditors Bureau, Inc., d/b/a American Medical Collection Agency, a New York corporation, | ) ) ) ) ) | **07 C 7034** |
| Defendant. | ) ) | Jury Demanded |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT

Plaintiff, Jose Gomez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.   Plaintiff, Jose Gomez ("Gomez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect two delinquent consumer debts allegedly owed to Quest Diagnostics, Inc.

4.   Defendant, Retrieval-Masters Creditors Bureau, Inc., d/b/a American

Medical Collection Agency ("AMCA"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, AMCA was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Mr. Gomez.

## FACTUAL ALLEGATIONS

5. On August 22, 2007, Mr. Gomez filed a Chapter 7 bankruptcy petition in a matter styled In re: Gomez, N.D. Ill. Bankr. No. 07-15238.  Among the debts listed on Schedule F of Mr. Gomez's bankruptcy petition were the two debts he allegedly owed to Quest Diagnostics, and both AMCA and Quest Diagnostics were listed on the bankruptcy petition regarding those debts. See, excerpt of bankruptcy petition attached as Exhibit A.

6. On August 25, 2007, both AMCA and Quest Diagnostics, Inc. were sent notice of Mr. Gomez's bankruptcy by the court, via First Class U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit B.

7. Nonetheless, AMCA directly sent Mr. Gomez a collection letter, dated November 26, 2007, falsely stating that Mr. Gomez still owed Quest Diagnostics the debts that were included in his bankruptcy.  A copy of this collection letter is attached as Exhibit C.

8. All of Defendant AMCA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Representation Regarding A Debt That Is Not Owed

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692e(2)(A).

12. Stating in its collection letter (Exhibit C), that Mr. Gomez owed the debts at issue and demanding payment of them, when in fact, those debts could no longer be collected from Mr. Gomez due to his bankruptcy, was a false representation that violates § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

13. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's

name and address.  See, 1692c(a)(2).

16.     Defendant AMCA, and the creditor, Quest Diagnostics, were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the two debts at issue.  By directly sending Mr. Gomez the November 26, 2007 collection letter (Exhibit C), despite notice that he was represented by bankruptcy counsel in connection with these two debts, Defendant violated § 1692c(a)(2) of the FDCPA.

17.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jose Gomez, prays that this Court:

1.     Declare that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Gomez, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jose Gomez, demands trial by jury.

Jose Gomez,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  December 14, 2007

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)